**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael J. Ottiano, Sr., | No. CV-07-935-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Supreme Court of the State of Arizona, Vice Chief Justice Rebecca White Berch and Justices Michael D. Ryan and Andrew D. Hurwitz; Court of Appeals of the State of Arizona, Division One, Presiding Judge Donn Kessler and Judges Patricia A. Orozco and John C. Gemmill; and Superior Court of Maricopa County, Judge Peter C. Reinstein, | |
| Defendants. | |

Defendants have filed a motion to dismiss this action for lack of subject matter jurisdiction. Dkt. #3. A response and reply have been filed. Dkt. ##4, 5. The Court will grant the motion and dismiss Plaintiff's claims under the Rooker-Feldman doctrine.

**I.   Background.**

Plaintiff Michael Ottiano is proceeding pro se. Plaintiff is not, however, a novice litigator. Since 1994, he has filed dozens of actions in state and federal court.

This federal action has its roots in a state court case filed by Plaintiff in 1994. *See Ottiano v. Credit Data Southwest*, No. CV-1994-8370 (Ariz. Super. Ct. filed June 2, 1994).

On May 10, 2007, Plaintiff filed this claim for declaratory and injunctive relief. The complaint asserts a violation of Plaintiff's Fourteenth Amendment right to equal protection based on decisions Defendants made in connection with a judgment renewal affidavit filed in the state court case in 2002. Dkt. #1.

**II.    Analysis.**

"Rooker-Feldman is a powerful doctrine that prevents federal courts from second-guessing state court decisions by barring the lower federal courts from hearing de facto appeals from state-court judgments." *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003); *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Ct. App. v. Feldman*, 460 U.S. 462 (1983). "Essentially, the doctrine bars 'state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced' from asking district courts to review and reject those judgments." *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Plaintiff alleges that Defendants erred in finding that the judgment on mandate entered in his state court case was a judgment for purposes of A.R.S. § 12-1612(A). Dkt. #1 at 2-4.[1] Specifically, Plaintiff alleges that Defendants misread *Scates v. Arizona Corporation Commission*, 601 P.2d 1357 (Ariz. Ct. App. 1979), thereby violating the doctrine of stare decisis, and misapplied Rule 54 of the Arizona Rules of Civil Procedure. *Id.* Plaintiff requests an order from this Court declaring the state court decision void and declaring that *Scates* and Rule 54 are unconstitutional. *Id.* at 4. Plaintiff also seeks an injunction prohibiting Defendants from applying stare decisis and Rule 54. *Id.*

Plaintiff's claims are barred by Rooker-Feldman because his alleged injury resulted from the state court decision itself and the requested relief would require this Court to review the state court decision. *Henrichs*, 474 F.3d at 614 (holding that Rooker-Feldman barred the

---

[1] Section 12-1612(A) provides that "[a] judgment for the payment of money which has been entered and docketed in the civil docket . . . may be renewed by filing an affidavit for renewal with the clerk of the proper court."

- 2 -

plaintiff's claims for declaratory and injunctive relief); *see Bianchi*, 334 F.3d at 898-99 (holding that Rooker-Feldman barred the plaintiff's due process claim); *Mothershed v. Justices of the Supreme Ct.*, 410 F.3d 602, 606-07 (9th Cir. 2005) (holding that Rooker-Feldman barred the plaintiff's challenge to state disciplinary proceedings). The Court will therefore grant Defendant's motion to dismiss. Given this ruling, the Court need not address Defendants' arguments that Plaintiff's claims are barred by Eleventh Amendment immunity and fail to state a claim under 42 U.S.C. § 1983.

**IT IS ORDERED:**

1. Defendants' motion to dismiss (Dkt. #3) is **granted**.

2. The Clerk shall **terminate** this action.

DATED this 9th day of August, 2007.

_____
David G. Campbell
United States District Judge